IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA J. SANTER | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | NO. 06-CV-1863 |
| TEACHERS INSURANCE AND | : | |
| ANNUITY ASSOCIATION, ET AL. | : | |
| | : | |
| Defendants | : | |

**MEMORANDUM OPINION & ORDER**

GOLDEN, J.                                                                                          MARCH 24, 2008

Before the Court is plaintiff's second motion to compel production of documents. After *in camera* review of the materials in question, the Court denies the motion for the following reasons.

Plaintiff seeks materials related to training that defendant Standard Insurance Company ("Standard") provided to its claims department representatives concerning bad faith insurance practices, insurance litigation in general, and privacy rights. Defendants object to production on the grounds that the materials are subject to attorney-client privilege.

Pennsylvania privilege law governs this dispute because the underlying action arises under Pennsylvania law. Fed. R. Evid. 501; Montgomery County v. Microvote Corp., 175 F.3d 296, 301 (3d Cir. 1999). The elements of attorney-client privilege in Pennsylvania are:

> (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his or her subordinate, and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion of law or (ii) legal services or (iii) assistance in some legal proceeding, and (d) not for the purpose of committing a crime or tort; and (4)

the privilege has been (a) claimed and (b) not waived by the client.

Rhone-Poulnec Rorer, Inc. v. Home Indem. Co., 32 F.3d 851, 862 (3d Cir. 1994).

After careful and meticulous *in camera* review of the materials plaintiff seeks, the Court finds that the documents are privileged.[1]  Standard's in-house attorneys prepared the materials for the purpose of answering their clients' questions concerning how statutes and court decisions in the areas of bad faith, insurance litigation, and privacy affect the way Standard handles claims.[2]  Standard's attorneys then presented these materials to Standard claims representatives during training sessions in a question and answer format.[3]  The contents of the materials, generally speaking, include explanations of basic legal concepts and direction concerning where claims representatives fit into the legal process when Standard is sued.  The materials are thus communications from an attorney to a client that reflect communications from the client to the attorney for the purpose of securing an opinion of law.  Plaintiff does not dispute that attorneys

---

[1] In United Coal Cos. v. Powell Const. Co., 839 F.2d 958 (3d Cir. 1988), the Third Circuit indicated that *in camera* review is the appropriate method for resolving privilege disputes. Id. at 966.

[2] In Pennsylvania, the attorney-client privilege extends to situations where the attorney is in-house counsel and the clients are corporate employees authorized to act on behalf of the corporation.  In re Ford Motor Co., 110 F.3d 954, 965 (3d Cir. 1997) (applying Pennsylvania law); Gould v. City of Aliquippa, 750 A.2d 934, 937 (Pa. Commw. Ct. 2000).  Here, it is undisputed and self-evident that the employee claims department representatives were authorized to act on Standard's behalf because their primary responsibilities were to manage claims made on Standard insurance policies.  The employee subjects of the in-house attorneys' presentations were thus "clients" under Pennsylvania privilege law.

[3] Pennsylvania privilege law has traditionally only covered communications from a client to an attorney, and not vice-versa.  See, e.g., Birth Ctr. v. St. Paul Cos., Inc., 727 A.2d 1144, 1164 (Pa. Super. Ct. 1999) (stating that privilege "only bars discovery or testimony regarding confidential communications made *by the client* during the course of representation.") (emphasis supplied).  Pennsylvania courts have, however, developed a corollary doctrine covering communications from an attorney to a client when such communications reflect the communications from the client to the attorney.  See Coregis Ins. Co. v. Law Offices of Carole F. Kafrissen, 186 F. Supp. 2d 567, 571-72 (E.D. Pa. 2002) (explaining corollary rule and reviewing Pennsylvania common law); Nationwide Mut. Ins. Co. v. Fleming, 924 A.2d 1259, 1264 (Pa. Super. Ct. 2007).  In this matter, *in camera* review reveals that the documents in question, though from attorneys, reflect communications from the corporate client such that they fall within the scope of Pennsylvania privilege.

prepared the training materials, claim that the materials facilitated the commission of a crime, or contend that Standard has waived the privilege.  The defendants have thus established the elements of Pennsylvania attorney-client privilege.

Plaintiff asserts several reasons why she should be entitled to the documents, none of which are persuasive.  Most of the cases plaintiff cites do not involve training materials or the assertion of attorney-client privilege.  For example, in Abi Jaoudi and Azar Trading Corp. v. Cigna Worldwide Ins. Co., 1993 WL 410069 (E.D. Pa. Sept. 30, 1993), plaintiff sought production of insurance policy forms, fire underwriting guidelines, and loss adjustment documents.  Id. at *2-3.  Defendant objected to production on the grounds that either the materials did not exist, were already produced, or were irrelevant.  At no time did plaintiff request training materials, nor did defendant object on the basis of attorney-client privilege.  In Liberty Mut. Ins. Co. v. C. Schmidt & Sons, Inc., 1991 WL 42437 (E.D. Pa. Mar. 26, 1991), defendant sought documents relating to plaintiffs' practices and procedures for claims processing and loss prevention, and plaintiffs objected to production on the grounds that the materials sought contained proprietary information.[4]  These cases and the other similar decisions plaintiff cites are thus unhelpful in a dispute where defendants raise attorney-client privilege objections.

Plaintiff has identified only three cases involving training materials, and two of those did not apply Pennsylvania law or involve privilege objections.  See Grange Mut. Ins. Co. v. Trude, 151 S.W.3d 803, 812 (Ky. 2005) (objecting to the discovery as irrelevant and subject to trade secret protection); State Farm Mut. Auto. Ins. Co. v. Engelke, 824 S.W.2d 747, 753-54 (Tex. Ct.

---

[4] To the extent that policies and procedures could arguably contain training materials, the Court notes that defendants have already produced their claims handling manual.  See Defs.' Supplemental Mem. in Opp'n to Pl.'s Mot. to Compel at p. 2 (Docket Document No. 31).

3

App. 1992) (objecting to the discovery as overbroad).  The third case, Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169 (E.D. Pa. 2004), is also distinguishable.  The plaintiff in Saldi sought the same materials plaintiff seeks here,[5] and defendant objected to the request on the grounds that such material was proprietary and production would be unduly burdensome.  Id. at 186.  The Saldi court ultimately ordered production of the materials, but relied on factors not present here, such as the Saldi plaintiff's provision of other materials showing a connection between the practices allegedly advocated in the sought training materials and the handling of plaintiff's claim, and the defendants' failure to support its assertions that the material contained proprietary information.  Id.  Saldi is thus inapposite here because it did not pass judgment on whether training materials might be privileged under Pennsylvania law.

      An appropriate Order accompanies this Memorandum Opinion.

---

[5] Plaintiff's counsel in Saldi also represents plaintiff in this action, and the request at issue may thus be identical.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA J. SANTER | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | NO. 06-CV-1863 |
| TEACHERS INSURANCE AND | : | |
| ANNUITY ASSOCIATION, ET AL. | : | |
| | : | |
| Defendants | : | |

## **ORDER**

AND NOW, this 24th day of March, 2008, it is hereby ORDERED that plaintiff's second motion to compel production of documents (Document No. 30) is DENIED.

BY THE COURT:

/s/ Thomas M. Golden
THOMAS M. GOLDEN, J.